IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **FREDDIE JACKSON, No. K52894 ,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 13-cv-01010-MJR |
| ) | |
| **VIENNA CORRECTIONAL CENTER, and** ) | |
| **RANDY DAVIS,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff Freddie Jackson, an inmate in Vienna Correctional Center ("Vienna"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, related to the conditions of his confinement. Also before the Court is Plaintiff's motion to supplement or amend his complaint (Doc. 4).

As a preliminary matter, Plaintiff's motion to supplement or amend the complaint (Doc. 4) is **DENIED**. The proposed addition is eight pages of material copied from news articles and statements by attorney Allen Mills regarding the conditions of confinement at Vienna. Local Rule 15.1 dictates that an amended complaint contain all claims in a single document, meaning that there is no amendment by interlineation. The proposed document does not contain any additional claims or otherwise cure deficiencies in the complaint (which will be discussed below).

This complaint (Doc. 1) is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility. *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint, the Court finds it appropriate to exercise its authority under Section 1915A.

## Analysis

Plaintiff Jackson takes issue with the conditions of his confinement at Vienna, where he has been housed since July 17, 2013.  According to the complaint: Building 19, where Jackson is housed, is extremely overcrowded; he is being exposed to asbestos-covered pipes and mold; there are no screens in the windows, so bugs enter the area freely; the plumbing is backed up; and it is hot and there is "no air.  All of these issues, alone and in combination, are actionable Eighth Amendment claims.  *See Vance v. Rumsfeld*, 701 F.3d 193, 205-06 (7th Cir. 2012) (citing *Wilson v. Seiter,* 501 U.S. 294, 304 (1991) (holding that conditions of confinement may establish an Eighth Amendment violation in combination, even if each would not suffice alone; this would occur when they have "a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise")).  With that said, the complaint is still flawed.

Vienna Correctional Center is one of two named defendants.  The Vienna Correctional Center, which is a division of the Illinois Department of Corrections, is not a "person" within the meaning of the Civil Rights Act, and is not subject to a Section 1983 suit. *See Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989).  Therefore, Defendant Vienna Correctional Center must be dismissed from the action, with prejudice.

Warden Randy Davis is the other named defendant.  Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park,* 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted).  There are no allegations specific to Davis.  He is only described as the warden of Vienna.

Allegations that senior officials were personally responsible for creating the policies, practices and customs that caused the constitutional deprivations suffice to demonstrate personal involvement for purposes of Section 1983 liability. *See Doyle v. Camelot Care Centers, Inc.*, 305 F.3d 603, 615 (7th Cir. 2002). Again, there are no allegations particular to Davis. With that said, the warden of the facility is the proper defendant to answer for claims regarding the conditions of confinement and to carry out any injunctive relief granted. *See Delaney v. DeTella*, 256 F.3d 679, 687 (7th Cir. 2001). However, the complaint contains no prayer for relief whatsoever.

Federal Rule of Civil Procedure 8(a)(3) requires that a complaint contain a prayer for relief. This is not something the Court can wholly fashion for a litigant, even one proceeding *pro se*.

The complaint will be dismissed without prejudice and Plaintiff will be granted leave to file an amended complaint.

### Pending Motion(s)

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the complaint was filed, thus the filing fee of $400.00 remains due and payable.[1] *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2) shall be addressed by separate order.

### Disposition

**IT IS HEREBY ORDERED** that Plaintiff's motion to supplement or amend the complaint (Doc. 4) is **DENIED**.

---

[1] The base filing fee is $350.00, however, pursuant to 28 U.S.C. § 1914, effective May 1, 2013, an additional $50.00 administrative fee is also to be assessed in all civil actions, *unless* pauper status is granted.

**IT IS FURTHER ORDERED** that, for the reasons stated, Defendant **VIENNA CORRECTIONAL CENTER** is **DISMISSED** with prejudice; Defendant **RANDY DAVIS** is **DISMISSED** without prejudice; and the complaint is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that on or before **November 26, 2013**, Plaintiff shall file an amended complaint consistent with this Order.  Any amended complaint will be subject to review pursuant to 28 U.S.C. § 1915A.  Failure to file an amended complaint by the prescribed deadline will likely result in the dismissal of the action with prejudice, pursuant to Federal Rule of Civil Procedure 41(b).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: October 24, 2013**

                 s/ *Michael J. Reagan*
                 MICHAEL J. REAGAN
                 UNITED STATES DISTRICT JUDGE